**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------- X

QUINCY WOODY,

                     Plaintiff,

    - against -

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.

--------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2|19|15

**MEMORANDUM OPINION**
**AND ORDER**

**14-cv-718 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

      In February 2014, plaintiff brought an action under 42 U.S.C. §

405(g) seeking a review of the final decision of the Commissioner of Social

Security (the "Commissioner" or "defendant"), which had denied plaintiff's

application for disability insurance benefits.[1]  After defendant answered the

Complaint, plaintiff filed a motion for judgment on the pleadings pursuant to Rule

12(c) of the Federal Rules of Civil Procedure.[2]  Rather than oppose that motion,

---

[1]      *See* Complaint, Docket ("Dkt.") 1.

[2]      *See* Dkt. 13.

defendant volunteered to remand the matter for further proceedings – an offer which plaintiff accepted.[3]  On September 23, 2014, the matter was remanded to the Commissioner.[4]

Plaintiff now moves pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA") for an award of attorney's fees in the amount of $11,263.89 for 58.89 hours of time his attorney, Irwin M. Portnoy, claims to have expended on the matter.[5]  Defendant concedes that plaintiff is entitled to some award of fees, but asks the Court to reduce Mr. Portnoy's requested fee on the ground that it is "grossly excessive."[6]  For the reasons set forth below, plaintiff's motion is GRANTED IN PART.

## II.    DISCUSSION

### A.    Legal Standard

The EAJA provides in relevant part that:

a court shall award to a prevailing party other than the
United States fees and other expenses . . . incurred by that

---

[3]    *See* 9/23/14 Stipulation and Order, Dkt. 17.

[4]    *See id.*

[5]    *See* Plaintiff's Memorandum of Law in Support of Application to Allow Attorney Fees Under 28 U.S.C. § 2412. ("Pl. Mem.").

[6]    *See* Commissioner's Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees ("Def. Mem.").

> party in any civil action (other than cases sounding in
> tort), including proceedings for judicial review of agency
> action, brought by or against the United States . . . unless
> the court finds that the position of the United States was
> substantially justified or that special circumstances make
> an award unjust.[7]

To recover attorney's fees under the EAJA, a party must file, within thirty days of

the entry of a final judgment, an application for fees (1) establishing that he is the

prevailing party and eligible to receive an award; (2) setting forth the amount of

fees and expenses sought, including an itemized statement showing the actual time

expended and the rate at which the fees were computed; and (3) alleging that the

"position of the United States was not substantially justified."[8]  Here, defendant

does not dispute that plaintiff has satisfied the above elements, conceding that an

EAJA award is appropriate.

### B.    Reasonable Fees Under the EAJA

Accordingly, the only legal question for the Court to resolve is

whether plaintiff's requested fee should be reduced.  In assessing a request for

attorney's fees under the EAJA, the Court has broad discretion to determine the

---

[7]    28 U.S.C. § 2412(d)(1)(A).

[8]    *Id.*

3

amount of time reasonably expended by the moving party.[9]  The amount of

attorney's fees to be awarded must be reasonable.[10]  "District courts in th[e]

[Second] Circuit generally hold that twenty to forty hours is a reasonable

expenditure of counsel time for routine social security cases."[11]  "'When a case

does not raise any extraordinarily difficult or complex legal or factual issues,

courts have determined that the hours spent litigating it should not [] exceed[] the

guideline range.'"[12]

Defendant argues that the instant matter does not warrant an

expenditure of 58.89 hours because the case "does not involve any issues of first

impression, unique or extraordinary facts, or any procedural complications that Mr.

Portnoy has not dealt with many times before."[13]  Further, defendant points out that

Mr. Portnoy has substantial experience in the area of social security law, as well as

---

[9]     *See Aston v. Secretary of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986).

[10]     *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

[11]     *Sava v. Commissioner of Soc. Sec.*, No. 06 Civ 3386, 2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014) (collecting cases).

[12]     *Id.* (quoting *Rivera v. Astrue*, No. 07 Civ. 3129, 2009 WL 1351044, at *1 (E.D.N.Y. May 13, 2009)).

[13]     Def. Mem. at 4.

4

a long history of requesting EAJA fees that courts have ruled to be excessive.[14]

In his opening brief, Mr. Portnoy does not argue that the case presented novel legal issues or unique facts; instead, he justifies the nearly sixty hours he devoted to the matter by noting that he "had to summarize the facts in a very large [administrative] record [with which he was unfamiliar], discern the appealable issues[,] and outline the issues in the Complaint and the motion for [judgment on the pleadings]."[15]  In his reply brief, Mr. Portnoy changes his tune slightly, insisting that the "procedural, factual and legal issues were complex," primarily because of the robust administrative record, which included twenty-nine exhibits of medical evidence, and the need to undertake a multi-step legal analysis with regard to the administrative law judge's ("ALJ") determination of plaintiff's credibility.[16]

Ultimately, I conclude that Mr. Portnoy's requested fee should be reduced within the guideline range because he fails to demonstrate that this case required him to navigate any "extraordinarily difficult or complex legal or factual

---

[14]     *See, e.g.*, *Quinn v. Astrue*, No. 06 Civ. 1303, 2008 WL 5234300 (N.D.N.Y. Dec. 15, 2008) (cutting requested fee by nearly sixty percent and discussing Mr. Portnoy's history of significant reductions in EAJA fee awards).

[15]     Pl. Mem. at 7.

[16]     *See id.* at 4-7.

issues."[17]  An affidavit Mr. Portnoy submitted in connection with his motion reveals that he spent 1.8 hours reviewing the administrative record before filing the Complaint, and 49.08 hours drafting the brief in support of his motion for judgment on the pleadings.[18]  Of those 49.08 hours, 2.7 hours were devoted to summarizing the facts.[19]  It is therefore hard to imagine that the administrative record, the size of which Mr. Portnoy urges the Court to consider as a principal factor in support of his fee request, was unusually difficult to review, much less extraordinarily so.

And, as defendant accurately notes, this case was relatively straightforward:  the ALJ incorrectly adopted a residual functional capacity determination of a prior ALJ stemming from a prior claim, thereby failing to develop a full record and perform a meaningful legal analysis.[20]  The resulting legal issues Mr. Portnoy raised in his district court brief were neither novel nor particularly complicated, especially for an experienced attorney in the field.[21]

---

[17]     *See Sava*, 2014 WL 129053, at *3.

[18]     *See* Itemization of Services ("Invoice"), Ex. 4 to 9/30/14 Affirmation of Irwin W. Portnoy ("Portnoy Aff.") at 1-2.

[19]     *See id.* at 1.

[20]     *See* Def. Mem. at 4.

[21]     *See Hensley*, 461 U.S. at 430 n.3 (listing counsel's skill and experience as relevant factors in evaluating a request for attorney's fees).

Finally, unlike in *Hiciano v. Apfel* – the main case on which Mr. Portnoy relies to justify his fee request – plaintiff achieved only a remand, not a full reversal of the ALJ's decision.[22]  In achieving a reversal, the plaintiff's attorneys in *Hiciano* were also burdened with reviewing defendant's opposition brief and submitting a second legal memorandum – time-consuming tasks Mr. Portnoy was relieved of when defendant offered to remand the case shortly after Mr. Portnoy submitted the opening brief on his client's motion for judgment on the pleadings.[23]

Still, there are some factors that militate in favor of awarding Mr. Portnoy a fee at the high end of the twenty to forty-hour guideline range.  Having not handled the case at the administrative level, Mr. Portnoy was unfamiliar with the facts when plaintiff retained him.[24]  And, while the case did not present overly complicated legal issues, it did require an analysis of a few multi-layered legal issues, likely leading Mr. Portnoy to conduct more legal research than he normally would for the most routine of matters.  Indeed, Mr. Portnoy indicated that he spent

---

[22]    *See* No. 98 Civ. 4037, 2002 WL 1148413, at *2 (S.D.N.Y. May 29, 2002).

[23]    *See id.*  Further, half of the total credited hours in *Hiciano* were billed by *paralegals* at roughly one third of Mr. Portnoy's rate.  *See id.* at *3; Portnoy Aff. ¶ 9.

[24]    *See Sava*, 2014 WL 129053, at *3 (noting that counsel's lack of familiarity with the record at the administrative level weighed in favor of more modest fee reduction).

considerable time on legal research in five separate timesheet entries.[25]  Finally,

Mr. Portnoy is entitled to fees for preparing the fee application itself which, unlike

the underlying motion, required him to submit a reply brief.[26]

Therefore, I conclude that a 32.07 percent reduction, crediting Mr.

Portnoy for forty hours of time expended on this matter, is appropriate in light of

the facts and circumstances of this case.  Pursuant to Mr. Portnoy's affidavit and

applicable hourly rate schedules prepared by the Social Security Administration

attached thereto, Mr. Portnoy's billing rate for this matter, calculated as of the date

plaintiff became a prevailing party, is $191.27.[27] At that rate, Mr. Portnoy's total

fee for forty hours of work equals $7,650.80.

## III.   CONCLUSION

For the reasons set forth above, plaintiff's motion is GRANTED IN

---

[25]     *See* Invoice, Ex. 4 to the Portnoy Aff, at 1-2.

[26]     *See Trichilo v. Secretary of HHS*, 823 F.2d 702, 707-08 (2d Cir. 1987) (holding that applicant for fees under EAJA is entitled to recover for time spent by counsel litigating fee issue itself).

[27]     *See* Portnoy Aff. ¶¶ 7-10; Social Security Administration Region II Applicable Hourly Rate Chart Based on Cost of Living Adjustment, Ex. C to Portnoy Aff.  *See also Crudele v. Chater*, No. 92 Civ. 7912, 1997 WL 198076, at *5 (S.D.N.Y. Apr. 23, 1997) (noting that for EAJA purposes, fees are calculated by using a set rate, increased by a cost-of-living adjustment "based upon the most recent consumer price index on the date that the plaintiff becomes a 'prevailing party' for EAJA purposes").

PART.  The Court awards plaintiff $7,650.80 of attorney's fees in this action.  The

Clerk of the Court is ordered to close the motion [Docket No. 19].


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            February 19, 2015

9

**-Appearances-**

**For Plaintiff:**

Irwin M. Portnoy, Esq.
Irwin M. Portnoy and Associates, P.C.
542 Union Avenue
New Windsor, NY 12553
(845) 567-0315

**For Defendant:**

Joshua L. Kershner
Special Assistant United States Attorney
26 Federal Plaza, Room 3904
New York, NY 10278
(212) 264-2592